**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 26-cv-06408 |
| v. | ) ) | Judge |
| FRYE-WILLIAMSON PRESS, INC., an Illinois corporation; and JAL EQUITY CORP., a Nevada corporation. | ) ) ) ) | Magistrate Judge |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

**JURISDICTION AND VENUE**

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest

Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## **PARTIES**

4.      The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, in Chicago, Illinois.

6.      Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.      Defendant Frye-Williamson Press, Inc. ("Frye-Williamson") is a corporation organized under the laws of the State of Illinois.

8.      Defendant JAL Equity Corp. ("JAL") is a corporation organized under the laws of the State of Nevada.

9.      Non-party ColorArt, LLC ("ColorArt") is a limited liability company organized under the laws of the State of North Carolina.

FV: : 518837998 / 26-15003827 / 6/1/26                    -2-

## BACKGROUND

10.     At all relevant times, including on or about May 1, 2022, JAL owned and operated businesses, including by providing marketing, commercial printing, direct-mail printing, e-commerce, sign manufacturing, sign installation, and data services.

11.     Upon information and belief, on or about May 1, 2022, JAL directly or indirectly owned at least 80% of the membership interest or at least 80% of the profits interest or capital interest of ColorArt.

12.     At all relevant times, including on or about May 1, 2022, ColorArt provided commercial printing and marketing services.

13.     Upon information and belief, on or about May 1, 2022, ColorArt directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Frye-Williamson.

14.     At all relevant times, including on or about May 1, 2022, Frye-Williamson provided commercial printing services.

15.     Thus, on or about May 1, 2022, JAL, ColorArt, and Frye-Williamson were a group of trades or businesses under common control (the "Frye-Williamson Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

16.     The Frye-Williamson Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

17.     During all relevant times, Frye-Williamson was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, pursuant to which Frye-Williamson was required to make contributions to the Pension Fund on behalf of certain of its employees.

18.     On November 5, 2025, ColorArt commenced a bankruptcy proceeding under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada styled *In re ColorArt, LLC*, 25-16701-nmc (Bankr. D. Nev.). On the same day, Las Vegas Color Graphics, Inc., a subsidiary of ColorArt, likewise commenced a Chapter 11 bankruptcy proceeding in the same court styled *In re Las Vegas Color Graphics, Inc.*, 25-16697-nmc (Bankr. D. Nev.). On November 18, 2025, the Bankruptcy Court ordered that the two proceedings be jointly administered and designated *In re Las Vegas Color Graphics, Inc.* as the lead case. The bankruptcy proceedings are currently ongoing.

## CLAIM FOR RELIEF

19.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     The Pension Fund determined that on or about May 1, 2022, the Frye-Williamson Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

21.     As a result of this complete withdrawal, the Frye-Williamson Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal

amount of $441,808.40, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

22.     On or about November 17, 2022, the Frye-Williamson Controlled Group, through Frye-Williamson, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund notified the Frye-Williamson Controlled Group that it was required to discharge its withdrawal liability in a lump sum payment of $441,808.40 or in monthly payments of 445.57, with the first payment due on or before December 1, 2022.

23.     By electronic mail dated February 15, 2023, the Frye-Williamson Controlled Group requested that the Pension Fund review the withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

24.     On or about May 22, 2023, the Frye-Williamson Controlled Group received the Pension Fund's response to its request for review pursuant to section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(B), in which the Pension Fund notified the Frye-Williamson Controlled Group that the Pension Fund's Board of Trustees rejected the Frye-Williamson Controlled Group's request for review and reaffirmed the assessment

25.     The Frye-Williamson Controlled Group remitted monthly payments for the installments due December 1, 2022 through October 1, 2025. However, the Frye-Williamson Controlled Group has not made any further withdrawal liability payments, including its monthly withdrawal liability payment that was due on or before November 1, 2025.

26. On or about December 29, 2025, the Frye-Williamson Controlled Group, through Frye-Williamson, received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due and forewarning the Frye-Williamson Controlled Group of the consequences of its failure to pay such withdrawal liability. Since receiving the past-due notice, the Frye-Williamson Controlled Group has not made any withdrawal liability payments.

27. The Frye-Williamson Controlled Group did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

28. The Frye-Williamson Controlled Group failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

29. Each of the Defendants, as members of the Frye-Williamson Controlled Group, is jointly and severally liable to the Pension Fund for the withdrawal liability.

30. To date, the principal amount of $436,470.36 remains due and owing to the Pension Fund on account of the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

(i) $436,470.36 in withdrawal liability;

(ii)     interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii)     an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv)     attorney's fees and costs.

(b)     Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Sterling Coleman-Selby*
Sterling Coleman-Selby (ARDC #6343160)
Central States Funds, Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2146
scoleman@centralstatesfunds.org
*Attorney for Plaintiffs*

May 22, 2026